# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**TERRY POOLER (#7700004860)**           **CIVIL ACTION NO.**

**VERSUS**                               **21-269-SDD-SDJ**

**LIVINGSTON PARISH**
**DETENTION CENTER**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on May 19, 2022.

*/s/ Scott D. Johnson*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TERRY POOLER (#7700004860)                        CIVIL ACTION NO.

VERSUS                                             21-269-SDD-SDJ

LIVINGSTON PARISH
DETENTION CENTER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Complaint of Terry Pooler, who is representing himself and is confined at the Livingston Parish Detention Center in Livingston, Louisiana.[1] Based on the screening process for such complaints, it is recommended that Pooler's federal claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2) and 1915A, that supplemental jurisdiction over any state law claims be declined, and that this case be closed.

### I.  Background

Pooler filed suit under 42 U.S.C. § 1983 against the Livingston Parish Detention Center, alleging that he slipped and fell when he attempted to step down from his top bunk.[2] Pooler requests monetary relief.[3]

### II.  Law & Analysis

#### A. Standard of Review

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any other plaintiff who has been granted IFP status, if the Court is satisfied that the action or

---

[1] R. Doc. 1.
[2] R. Doc. 1, p. 4.
[3] R. Doc. 1, p. 5.

claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.⁴ The statutes impose similar standards for dismissal and are intended to afford the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact. Dismissal may be made before service of process or before any defendant has answered if the court determines that the claim or action does not pass the screening process.

To determine whether a complaint fails to state a claim under §§ 1915(e) and 1915A, courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.⁵ Accordingly, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.⁶ "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"⁷ "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."⁸ While the screening process does give the court the rare power to 'pierce the veil' of the factual allegations,⁹ pleaded facts that are merely improbable or strange are not frivolous for purposes of screening.¹⁰ A claim is factually frivolous only if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"¹¹ A claim is also

---

⁴ §1915(e) provides a procedural mechanism for dismissal of lawsuits that are frivolous, malicious, or fail to state a claim in proceedings where the plaintiff was granted leave to proceed *in forma pauperis* ("IFP"); §1915A provides a procedural mechanism for dismissal of lawsuits by prisoners against a governmental entity or employee of a governmental entity that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless of the pauper status of the plaintiff. Pooler was granted permission to proceed *in forma pauperis* on May 26, 2021 (R. Doc. 5), so both statutes apply.
⁵ *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6).
⁶ *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
⁷ *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
⁸ *Id.*
⁹ *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).
¹⁰ *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
¹¹ *Denton*, 504 U.S. at 33, (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

subject to dismissal if it has no legal basis, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[12]

### B. The Livingston Parish Detention Center is Not a Proper Defendant

Pooler has named the Livingston Parish Detention Center as the sole Defendant.[13] Section 1983 creates a cause of action against "[e]very *person* who, under color of any [state law] ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution."[14] Only a "person" may be sued for violation of an inmate's constitutional rights.[15] A state is not a "person" within the meaning of § 1983.[16] Similarly, "a prison or jail or its administrative departments are not entities that can be sued under Section 1983 because they are not juridical entities under state law capable of being sued and/or because they are not persons for purposes of suit under Section 1983 as the statute and case law define that term."[17] Accordingly, the claims against the Livingston Parish Detention Center should be dismissed with prejudice as legally frivolous.[18]

### C. Even if Pooler Had Named a Proper Defendant, He Cannot State a Cognizable Federal Claim, so Leave to Amend is Not Warranted[19]

---

[12] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[13] R. Doc. 1.
[14] 42 U.S.C. § 1983 (emphasis added).
[15] *Id.*
[16] *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989).
[17] *Douglas v. Gusman*, 567 F.Supp.2d 877, 892 (E.D. La. 2008) (citing *United States ex rel. Arzonica v. Scheipe*, 474 F.2d 720, 721 (3rd Cir. 1973); *Cullen v. DuPage County*, No. 99-1296, 1999 WL 1212570, *1 (N.D. Ill. Dec. 14, 1999); *Whitley v. Westchester County Corr. Facility Admin.*, No. 97-0420(SS), 1997 WL 659100, at *6 (S.D.N.Y. Oct. 22, 1997); *Sponsler v. Berks County Prison*, No. 95–1136, 1995 WL 92370, at * 1 (E.D. Pa. 1995); *Powell v. Cook County Jail*, 814 F.Supp. 757, 758 (N.D. Ill. 1993)).
[18] To the extent the suit against the Livingston Parish Detention Center may be seen as a suit against the municipality, Pooler's claims still fail because Pooler has not provided any facts to indicate that the municipality has a custom or policy that caused his injury. *See Lee v. Ard*, No. 17-23, 2017 WL 5349493, at *4 (M.D. La. Nov. 13, 2017) ("A plaintiff asserting a Section 1983 claim against a municipal official in his official capacity or a Section 1983 claim against a municipality must show that the municipality has a policy or custom that caused his injury.) (internal quotation marks and citations omitted).
[19] Though ordinarily a *pro se* plaintiff should be afforded an opportunity to amend his or her complaint prior to dismissal, leave to amend is not necessary if amendment would be futile; here, Pooler should not be allowed leave to amend to attempt to state a claim because any amendment consistent with these facts would be subject to dismissal.

3

Pooler's complaint at its heart is that he suffered from a slip and fall.[20] Courts consistently hold that failure of prison officials to mitigate hazards that may result in a slip and fall sound in unreasonableness or negligence, neither of which establishes an Eighth Amendment violation.[21] Accordingly, Pooler's claim regarding his slip and fall is subject to dismissal pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

### D. Exercise of Supplemental Jurisdiction Should be Declined

To the extent that Pooler seeks to have the Court exercise supplemental jurisdiction over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[22] Having recommended that Pooler's federal claims be dismissed for failure to state a claim, it is further recommended that the exercise of supplemental jurisdiction be declined.

---

*Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed. Appx. 625, 627 (5th Cir. 2017) (though ordinarily a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed, granting leave to amend is not necessary if the plaintiff has already pleaded her best case or if an amendment would be futile).

[20] R. Doc. 1, p. 4. Though Pooler alleges he should not have been in a top bunk due to his high blood sugar, he does not attribute his fall to his high blood sugar; rather, he attributes it to stepping on a stool that was not stationary, which renders this a "run of the mill" slip and fall case. Further, Pooler does not provide any indication that his medical needs were not attended to, so it does not appear that Pooler is alleging a claim of deliberate indifference to a serious medical need.

[21] *See, e.g., Atkins v. Sheriff's Jail Avoyelles Parish*, 278 Fed.Appx. 438, 438 (5th Cir. 2008) (deliberate indifference claim with respect to water on ground that caused an inmate to slip and fall was frivolous because the claims only amounted to negligence); *Garner v. Livingston Parish Detention Center*, No. 20-658, 2021 WL 4693234, at n. 22 (M.D. La. Aug. 12, 2021); *Henry v. Gusman*, No. , 2012 WL 3576043, at *4 (E.D. La. July 27, 2012).

[22] 28 U.S.C. § 1367.

**RECOMMENDATION**

**IT IS RECOMMENDED** that the exercise of supplemental jurisdiction be declined and that Terry Pooler's claims against the Livingston Parish Detention Center be **DISMISSED WITH PREJUDICE** for failure to state a claim and as legally frivolous pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

Signed in Baton Rouge, Louisiana, on May 19, 2022.

*[signature]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**